# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| WILLIAM LEE & ANNA | ) | |
| LOUISE VEST, | ) | Case No. 12-50407 |
| | ) | |
| Debtors. | ) | |
| _____) | | _____ |
| WILLIAM LEE & ANNA | ) | |
| LOUISE VEST, | ) | |
| | ) | |
| Plaintiffs | ) | A.P. No. 12-05042 |
| | ) | |
| v. | ) | |
| | ) | |
| DUPONT COMMUNITY | ) | |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## DECISION

At Harrisonburg in said District this 16th day of November, 2012:

On March 26, 2012, the debtors filed their Chapter 13 petition and four months later initiated the above captioned adversary complaint. The complaint is an action to determine the validity and extent of DuPont Community Credit Union's lien on the debtors' residence and to strip said lien from the debtors' residence. DuPont timely filed its answer to the complaint on August 23, 2012, disputing the debtors' valuation of their residence. The Court held a trial on November 7, 2012. Debtors admitted into evidence an appraisal of the residence performed by William B. Cason, a repair estimate provided by Garvey Homes, Inc., and a copy of Garvey

Homes, Inc. class A contractor's license.[1]  DuPont admitted into evidence an appraisal of the debtors' residence performed by Marshall D. Frye.[2]  At the trial, the appraiser, William Cason, and a contractor, Mr. Garvey of Garvey Homes, Inc., testified for the debtors; the appraiser, Marshall Frye, testified for DuPont.  The witnesses were deemed to be experts by oral stipulation of the parties at trial.  After reviewing the pleadings and exhibits and considering the testimony given at trial, the Court makes the following findings of fact and conclusions of law.

## Facts

It is undisputed that DuPont holds a lien in the amount of $31,178.89 that is secured by the debtors' residence.[3]  It is also undisputed that DuPont's lien is junior to Wells Fargo's $83,341.11 lien against the debtors' residence.[4]  The only fact at issue is the value of the debtors' residence.  Both appraisers agree on the following:

1) the sales comparison method of valuation is most appropriate for valuing the debtors' residence;[5]

2) comparable sales should be adjusted for differences in livable square footage;[6]

3) the appropriate adjustment for differences in livable square footage is $20 per square foot and such adjustments are linear.[7]

Mr. Cason's appraisal shows the debtors' residence as having 1,023 livable square feet.[8]

Mr. Garvey testified that he measured the livable square footage and that the debtors' residence

---

[1] All these documents were admitted into evidence via the pre-trial order at Docket Item # 5 in the adversary proceeding.  That order provided that witness lists and exhibits would be exchanged by October 23, 2012, and that any exhibits not objected to by October 30, 2012, would be admitted into evidence.  No objections were filed to any witnesses or exhibits.
[2] See footnote 1.
[3] *In re Vest (AP 12-05042)*, Def.'s Answer ¶ 4, August 23, 2012, ECF Docket 3.
[4] *Id*. at ¶ 5.
[5] *In re Vest (AP 12-05042)*, Hr'g Tr. 9:18-11:10 and 50:12-50:21, November 15, 2012, ECF Docket 10.
[6] *Compare In re Vest (AP 12-05042)*, Pls.' Ex. 1, October 23, 2012 and November 6, 2012, ECF Docket 7 and 8 (herein Pls.' Appraisal); *with In re Vest (AP 12-05042)*, Def.'s Ex. A, October 19, 2012 and November 6, 2012, ECF Docket 6 and 8 (herein Def.'s Appraisal).
[7] *See* Pls.' Ex. 1 and Def.'s Ex. A. (note this is a figure derived by examining the adjustments on the "gross living area line of both appraiser's reports).
[8] Pls.' Appraisal.

was approximately 1,400 square feet.[9] Mr. Frye's appraisal states that the debtors' residence has 1,314 livable square feet.[10] Based on the confluence of the Mr. Garvey and Mr. Frye's opinions that the property is more than 1,300 square feet, the Court finds that the subject property is at least 1,300 square feet.

Conclusions of Law and Discussion

This matter is a core proceeding to determine the validity, extent, or priority of a lien against property of the estate in which a final judgment may be entered by this Court. 28 U.S.C. § 157(b)(2)(K). Venue is proper in this district under 28 U.S.C. § 1409(a). The defendant has been properly served and has appeared. The matter is ripe for decision by this Court.

In order to be successful in a lien avoidance action, the plaintiff must show that the lien is wholly unsecured. *See In re Millard*, 414 B.R. 73 (D. Md. 2009) (debtor may avoid consensual lien if wholly unsecured); *Peterson v. United BankShares, Inc. (In re Peterson)*, 2011 Bankr. LEXIS 113 (Bankr. E.D. Va. Jan. 13, 2011) (debtor may not avoid a consensual lien that is partially secured); and *Lane v. Western Interstate Bank Corp.,* 280 F.3d 663 (6th Cir. 2002) (chapter 13 debtor may avoid wholly unsecured second mortgage).

Even if the Court were to analyze the evidence in the light most favorable to the plaintiff, by using Mr. Cason's appraisal as a starting point, the plaintiff would not prevail in this action. The plaintiff's appraisal prepared by Mr. Cason contains an incorrect measurement of the square footage of the house. The Court has already found that the debtors' residence has at least 1,300 square feet of living space. This is 277 square feet more than the amount of living space indicated on Mr. Cason's report. Both Mr. Cason and Mr. Frye use an adjustment of $20 per square foot to adjust for differences in living area when using the sales comparison method of

---

[9] *In re Vest (AP 12-05042)*, Hr'g Tr. 41:19-43:2, November 15, 2012, ECF Docket 10.
[10] Def.'s Appraisal.

valuation. Mr. Cason's appraisal must be increased to account for the additional 277 square feet of living area not included. The adjustment would be 277 square feet multiplied by $20 per square foot, or $5,540. Adding $5,540 to Mr. Cason's valuation of $80,000 brings the valuation to $85,540. This is the minimum valuation the evidence can support.[11]

The first lien on the property has a value of $83,341.11, which is less than the minimum valuation of the debtors' residence. The second lien on the property, therefore, is secured to the extent of the equity exceeding the balance of the first lien. Accordingly the second lien, held by DuPont Community Credit Union, cannot be avoided. The court will issue a separate order denying the debtor's motion to avoid the lien of DuPont Community Credit Union.

／s／ Rebecca B Connelly

Rebecca B. Connelly
U. S. Bankruptcy Judge

---

[11] The Court notes that in addition to using Mr. Cason's lower valuation as a starting point, it has used a lower square footage measurement then either Mr. Frye or Mr. Garvey indicated.